# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**JEROME MITCHELL**                                                                        **PETITIONER**

**vs.**                                     **CIVIL ACTION NO.: 4:07cr159-MPM-JAD-7**

**UNITED STATES OF AMERICA**                                           **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the Court on pro se motion of Petitioner, Jerome Mitchell, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government has submitted a response to the petition, and Petitioner has submitted a rebuttal thereto. For the reasons set forth below, the motion will be denied.

### Facts and Procedural Posture

On August 31, 2007, Petitioner and ten co-defendants were charged in Count One of a two count indictment within the Northern District of Mississippi for conspiracy to distribute in excess of 500 grams of a mixture and substance containing cocaine hydrochloride (powder cocaine), in violation of 21 U.S.C. § 841(a), (b)(1)(B) and § 846. The maximum possible penalties of the charge include imprisonment of not less than five (5) years and not more than forty (40) years; not more than a $ 2,000,000 fine; at least four (4) years supervised release; ineligibility for federal benefits for up to five (5) years; and a mandatory special assessment of $100. A warrant issued for Petitioner's arrest on September 4, 2007.

On or about May 12, 2007, Petitioner was arrested in Texas and charged with drug

violations, to which he pleaded guilty.[1]  He was sentenced to a term of imprisonment of fifty-two (52) months on August 7, 2008 in the Southern District of Texas in Case No. 7:07cr0499 and was transported by airlift to the Northern District of Mississippi to be arraigned on the charges stemming from the August 31, 2007, indictment.  He was arrested at the airlift in Memphis, Tennessee, on August 18, 2008.  (*See* doc. entry no. 139).  His initial appearance in this case was held on August 18, 2008, and he was arraigned and entered a plea of not guilty the following day.  On October 31, 2008, the Court held a change of plea hearing, and Petitioner entered a plea of guilty to Count One of the indictment.  Petitioner was sentenced March 12, 2009, to serve a term of imprisonment of 130 months, four (4) years of supervised release, and a special assessment of $100.  Petitioner filed a notice of appeal on March 24, 2009, and thereafter filed a motion to terminate his appointed counsel.  The Fifth Circuit granted his motion to terminate his attorney, and Petitioner elected to proceed pro se.  His appeal was later dismissed for want of prosecution.

Petitioner filed the instant motion on December 6, 2010, alleging that (1) his attorney's failure to notify him that the plea agreement contained a waiver provision constitutes ineffective assistance of counsel; (2) that counsel's failure to object to inaccuracies in the presentence report constitutes ineffective assistance of counsel; (3) that counsel's failure to move to dismiss the indictment against Petitioner based upon a violation of Petitioner's speedy trial right constitutes ineffective assistance of counsel; (4) that the trial court erred in denying him the right to his counsel of choice; and (5) the sentence imposed against him was based upon error.  Respondent maintains that Petitioner waived his right to contest the sentence in this case, and that he has

---

[1] Petitioner asserts that he was arrested in May; the Government asserts that he was arrested in March.  (*See* doc. entry 364, 2; doc. entry no. 354, 1).

otherwise failed to demonstrate that counsel performed ineffectively.

**Legal Standard**

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). He may challenge his conviction or sentence after it is final by moving to "vacate, set aside, or correct the sentence" under 28 U.S.C. § 2255. Relief under § 2255 is reserved, however, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992); *see also* § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Therefore, if there is no "independent indicia of the likely merit" of the allegations made in the motion, then no hearing is required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

**Discussion**

On October 30, 2008, Petitioner, represented by counsel, signed a plea agreement with the Government that contains the following provision:

> 8. WAIVER OF ALL APPEALS AND COLLATERAL ATTACKS. Defendant JEROME MITCHELL, hereby expressly waives his rights to appeal the conviction and/or sentence imposed in this case, and the manner in which the sentence was imposed, on any ground whatsoever, including but not limited to the grounds set forth in 18 U.S.C. § 3742. Defendant JEROME MITCHELL, also

3

> hereby expressly waives all rights to contest or collaterally attack the conviction and/or sentence, and the manner in which the sentence was imposed, in any post-conviction proceeding, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255. Defendant JEROME MITCHELL, waives these rights in exchange for the concessions and recommendations made by the United States in this plea agreement.

(*See* doc. entry no. 220, 4 ¶ 8).

At the plea hearing, the Court found Petitioner competent to enter a plea. (*See* doc. entry no. 308, 3-4). The Court questioned Petitioner to ensure that he understood the rights that he was abandoning by entry of his plea, and Petitioner affirmatively stated that he understood the rights that he would be giving up by entering a plea of guilty. (*See id.* at 5-8). The prosecutor read the plea agreement into the record. (*See id.* at 8-11). The following exchange occurred:

> THE COURT: Mr. Mitchell, you heard the prosecutor state his understanding of the agreement that you entered into with the Government. Did he accurately state it as you understand it to be?
> THE DEFENDANT: Yes, sir.
> THE COURT: And you understand that the amount of cocaine hydrochloride to be used in this case for sentencing purposes shall not exceed 3.5 kilograms?
> THE DEFENDANT: That's correct, sir.
> THE COURT: And you have also waived your right to appeal the conviction and/or the sentence to be imposed. Do you understand that?
> THE DEFENDANT: Yes, sir.

(*Id.* at 11-12). Petitioner also voiced his understanding that the sentence ultimately imposed by the Court could differ from that called for by the Federal Sentencing Guidelines. (*See id.* at 12-13).

Petitioner's claims of ineffective assistance of counsel are analyzed under the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1994). To satisfy this test, Petitioner must show that his counsel's performance was both deficient and prejudicial. *See id.* at 687. Deficient performance is established where "counsel's representation fell below an

objective standard of reasonableness," while a showing of prejudice demands Petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at 688, 694; *Williams v. Taylor*, 529 U.S. 362, 390-91.

The Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). In this case, the terms of the plea agreement were reviewed with Petitioner at some length before his guilty plea was accepted. He specifically stated that he understood that he was waiving his right to appeal his conviction and sentence. Typically, "an informed and voluntary waiver of post-conviction relief is effective to bar" § 2255 relief. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). An exception occurs for the ineffective assistance of counsel, but "only when the claimed assistance directly affect[s] the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Although Petitioner alleges that he was unaware that the entry of his plea would waive his rights to appeal or otherwise collaterally attack his conviction and sentence, the record evidence demonstrates that he had such an awareness. Therefore, his claim of ineffective assistance of counsel based on his lack of awareness of the waiver provision has no merit.

Petitioner's claim that counsel performed ineffectively in failing to object to the pre-sentence report ("PSR") is rebutted by the record in this case, which establishes that counsel did file objections to the PSR. (*See* doc. entry no. 249). At the sentencing hearing itself, Petitioner's counsel advised the Court that Petitioner had refused to sign the objections because "he had some problems" with the way the objections were discussed. (*See* doc. entry no. 271, p. 4). Counsel

argued the objections to the Court at the sentencing hearing, and Petitioner was allowed to address the Court, as well. (*See id.* at 5-24). Therefore, because counsel filed objections and Petitioner was heard on his own objections, Petitioner cannot establish a deficient performance by counsel or prejudice as a result.

Petitioner also claims that counsel was ineffective in failing to move for dismissal of the indictment based upon the violation of Petitioner's right to a speedy trial. The Sixth Amendment provides criminal defendants "the right to a speedy and public trial." U.S. Const. amend. VI. Courts evaluate an alleged violation of this right under a four-part balancing test: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972) (quotations omitted). The first three factors are weighed against the prejudice suffered as a result in the delay. *United States v. Molina-Solorio*, 577 F.3d 300, 304 (5th Cir. 2009) (citation omitted).

In this case, Petitioner's Sixth Amendment right to a speedy trial attached on August 31, 2007, when he was indicted. *See United States v. Jackson*, 549 F.3d 963, 971 (5th Cir. 2008). He pleaded guilty on October 31, 2008. At the time of his indictment in Mississippi, Petitioner was detained in Texas, where he remained until he pleaded guilty to drug charges there in August 2008. The Government asserts that it filed a detainer with Texas when Petitioner was located there by the United States Marshal's Service. (*See* doc. entry no. 364, 8). Petitioner was arraigned in this case within twelve days of the date that he pleaded guilty to the charges in Texas. Under these circumstances, the Court finds that the delay in this case does not cross "the threshold dividing ordinary from 'presumptively prejudicial' delay[.]" *Doggett v. United States*, 505 U.S. 647, 652 (1992) (citation omitted).

Because the delay was more than one year, however, a full inquiry into the *Barker* factors is appropriate. *See United States v. Bergfeld*, 280 F.3d 486, 488 (5th Cir. 2002). The Fifth Circuit has held that "[a] delay must persist for at least eighteen months over and above [the one-year] bare minimum for this factor to strongly favor the accused." *Amos v. Thorton*, 646 F.3d 199, 206-07 (5th Cir. 2011) (citation omitted). Because the delay in this case exceeded one year by only two months, this factor does not weigh in favor of Petitioner.

As to the second factor, the reason for the delay, the Court finds that Petitioner's imprisonment in Texas at the time he was indicted in Mississippi justifies the delay in this case. *See Cowart v. Hargett*, 16 F.3d 642, 648 (5th Cir. 1994) (holding that incarceration on other charges or convictions pending trial does not constitute prejudice for *Barker* purposes); *United States v. Ellis*, 622 F.3d 784, 791 (7th Cir. 2010) ("It is generally accepted that a delay occasioned by the prosecution of a defendant in another jurisdiction is not a basis for dismissal on constitutional speedy-trial grounds."). Therefore, this factor does not weigh in favor of Petitioner.

Third, Petitioner maintains that he asserted his right to a speedy trial as soon as he became aware of the charges against him, which was on the date of his initial appearance in this case, August 18, 2008. (*See* doc. entry no. 354, 2); *see also United States v. Monlia-Solorio*, 577 F.3d 300, 306 (5th Cir. 2009) ("[T]he law does not require a defendant to assume the existence of, and ask for a speedy trial on, a charge he is not actually aware of."). Petitioner has not demonstrated that the Government delayed bringing him to trial in order to put the defense at a disadvantage, so to the extent that this factor weighs in favor of Petitioner, it does so with less impact than it would if it was shown that the Government attempted "to hamper the defense" by

the delay. *Barker*, 407 U.S. at 531.

Finally, the Court finds that no presumption of prejudice is warranted in this case, as the first three factors do not weigh heavily in Petitioner's favor. *Molina-Solorio*, 577 F.3d at 307. Therefore, Petitioner must demonstrate he suffered actual prejudice as a result of the delay. *See United States v. Harris*, 566 F.3d 422, 433 (5th Cir. 2009). Petitioner maintains that he suffered prejudice in that he "was effectively precluded from seeking a 'global deal' and having the two cases consolidated" in order to achieve a more favorable sentence (*See* doc. entry no. 365, 9). The Court notes that Petitioner's plea agreement contained a provision notifying him that "there is no agreement as to the sentence to be imposed, which will be in the sole discretion of the Court subject to the Federal Sentencing Guidelines[.]" (*See* doc. entry no. 220, ¶4). He was advised of the same in open court. The Court had the discretion to order that his Mississippi sentence run consecutively to his Texas sentence. *See* U.S.S.G. § 5G1.3(c) ("In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term . . .").

Moreover, the assessment of "actual prejudice" in the *Barker* analysis serves to protect three interests of the criminal defendant: "(1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired." *Harris*, 566 F.3d at 433 (internal quotations omitted). The interests the "actual prejudice" assessment seeks to protect are not implicated in Petitioner's case. Petitioner was incarcerated on separate charges at the time he was indicted in this case, and he maintains that he had no knowledge of the Mississippi charges until he made his initial appearance. Petitioner's interest in a "global deal" does not justify a finding of actual prejudice where he has not

demonstrated that this Court would have been required to run his sentences concurrently if he had been brought to trial sooner. Because Petitioner has failed to demonstrate merit to his claim that his Sixth Amendment right to a speedy trial was violated, he has not shown deficient performance by counsel or prejudice as a result.

The Court finds that the valid waiver Petitioner entered bars him from arguing a right to relief on his two remaining claims - the denial of his counsel of choice and a sentencing based upon errors. The Court otherwise notes, to the extent the claims could be considered, that Petitioner cannot establish that they are meritorious. The Magistrate Judge entered an order in this case on August 18, 2008, appointing counsel for Petitioner based upon his representation to the Court that he did not wish to waive representation and was financially unable to obtain counsel. (*See* doc. entry no. 134).[2] As an indigent defendant, Petitioner did not have the right to appointed counsel of his choice. *United States v. Fields*, 483 F.3d 313, 350 (5th Cir. 2007).

Petitioner does not offer factual support for his allegation that inaccurate information in the PSR was used to sentence him, nor does he argue that the allegedly inaccurate information resulted in an improperly calculated Guidelines range. In the absence of a showing that the information is "materially untrue, inaccurate, or unreliable," the Court may rely upon information in the report. *United States v. Floyd*, 343 F.3d 363, 372 (5th Cir. 2003) (citation omitted). Petitioner has not demonstrated that an error occurred. Moreover, he has not shown that, if one did occur, that it affected the sentence imposed. *See United States v. Delgado-Martinez*, 564

---

[2] A substitution of counsel occurred the following day when the Federal Public Defender's Office alerted the Court to a potential conflict of interest. (*See* doc. entry no. 138).

F.3d 750, 753 (5th Cir. 2009).[3]

**Certificate of Appealability**

Petitioner must obtain a certificate of appealability ("COA") before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). While Petitioner has not filed a notice of appeal in this action, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. Because Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right[,]" a COA is denied. 28 U.S.C. § 2253(c)(2).

**Conclusion**

Petitioner entered into a valid plea agreement that waived his right to appeal the conviction and/or sentence imposed in this case, and his claims of trial error are otherwise unsupported by the record. He has additionally failed to demonstrate that his appointed counsel performed ineffectively in this case. Therefore, the Court finds that Petitioner is not entitled to relief under 28 U.S.C. § 2255, and his pending motion (doc. entry no. 358) is denied. A certificate of appealability from this decision is denied. The Court will enter final judgment by separate order.

**THIS** the 20th day of August, 2012.

                                              **Michael P. Mills**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**

---

[3] The Court notes that without the Rule 11(c)(1)(C) agreement reached with the Government, Petitioner's presumptive sentence would have been a term of imprisonment not less than 188 months nor less than 235 months. (*See* doc. entry no. 271, 27).